**EXHIBIT A**

**EXHIBIT A**

**ASHTABULA COUNTY COMMON PLEAS COURT**
**25 WEST JEFFERSON STREET**
**JEFFERSON, OHIO 44047**

**SUMMONS**

**PLAINTIFF:** CASE NO. 2016 CV 00161

JUSTIN SHILLING 15 HAMPTON COURT YOUNGSTOWN OH 44502

**VS**

**DEFENDANT:**

CORRECTIONS CORPORATION OF AMERICA C/O CT CORPORATION SYSTEM, STATUTORY AGENT 1300 EAST NINTH STREET, SUITE 1010 CLEVELAND, OH 44114
CCA PRISON REALTY TRUST C/O NATIONAL REGISTERED AGENTS INC STATUTORY AGENT 1300 E NINTH STREET CLEVELAND, OH 44114
CCA 10 BURTON HILLS BOULEVARD NASHVILLE, TN 37215
JOHN DOES 1-5 C/O LAKE ERIE CORRECTIONAL INST 501 THOMPSON RD CONNEAUT, OH 44030

**NAME AND ADDRESS OF PLAINTIFF'S ATTORNEY:**
JOHN D. FALGIANI,JR FORD GOLD & FALGIANI LAW GROUP LTD 8872 E MARKET ST WARREN, OH 44484

**DEFENDANT TAKE NOTICE**

YOU HAVE BEEN NAMED AS A DEFENDANT IN A COMPLAINT FILED IN THE ASHTABULA COUNTY COMMON PLEAS COURT BY THE PLAINTIFF NAMED ABOVE. COPY OF COMPLAINT IS ATTACHED HERETO.

YOU ARE HEREBY NOTIFIED, SUMMONED AND REQUIRED TO SERVE UPON THE PLAINTIFF'S ATTORNEY, OR UPON THE PLAINTIFF IF HE HAS NO ATTORNEY OF RECORD, A COPY OF AN ANSWER TO THE COMPLAINT WITHIN 28 DAYS AFTER SERVICE OF THIS SUMMONS ON YOU, EXCLUSIVE OF THE DAY OF SERVICE.

YOUR ANSWER MUST BE FILED WITH THE COURT WITHIN 3 DAYS AFTER THE SERVICE OF A COPY OF THE ANSWER ON THE PLAINTIFF'S ATTORNEY, OR UPON THE PLAINTIFF IF HE HAS NO ATTORNEY OF RECORD.
IF YOU FAIL TO APPEAR AND DEFEND, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

DATE: March 11, 2016

**TAMI PENTEK, CLERK**

BY ____________
DEPUTY CLERK



**IN THE COURT OF COMMON PLEAS**
**ASHTABULA COUNTY, OHIO**

| | |
|---|---|
| **JUSTIN SHILLING**<br>**15 Hampton Court**<br>**Youngstown, OH 44502**<br><br>**Plaintiff**<br><br>**-vs-**<br><br>**CORRECTIONS CORPORATION of AMERICA DBA CCA DBA LAKE ERIE CORRECTIONAL INSTITUTION**<br>**c/o CT Corporation System**<br>**Statutory Agent**<br>**1300 E. 9th Street, Suite 1010**<br>**Cleveland, OH 44114**<br><br>**and**<br><br>**CCA PRISON REALTY TRUST**<br>**c/o National Registered Agents, Inc.**<br>**Statutory Agent**<br>**1300 E. Ninth Street**<br>**Cleveland, OH 44114**<br><br>**And**<br><br>**CCA**<br>**Dba Lake Erie Correctional Inst.**<br>**10 Burton Hills Boulevard**<br>**Nashville, TN 37215**<br><br>**And**<br><br>**John Does 1-5**<br>**c/o Lake Erie Correctional Inst.**<br>**501 Thompson Rd.**<br>**Conneaut, OH 44030-8668**<br><br>**Defendants** | **CASE NO.** 2016CV0161<br><br>**Judge** Judge Thomas E. Harris<br><br>**COMPLAINT**<br>**(Tort, Medical Malpractice,)**<br>**(Other Civil)**<br><br>**Jury Demand Endorsed Hereon**<br><br>FILED<br>2016 MAR -8 P 2:56<br>TAMI PENTEK<br>CLERK OF COURTS<br>COMMON PLEAS COURT<br>ASHTABULA CO OH |

Now comes Plaintiff, and for his Complaint states:

1. Plaintiff, Justin Shilling, is an individual residing in Mahoning County, who was incarcerated as an inmate at the correctional facility known as, "Lake Erie Correctional Institute" (LECI) at 501 Thompson Rd., Conneaut, OH from 2012 to 12/16/2014.

2. Upon information and belief, and at all times material, Defendants, Corrections Corporation of America dba CCA, CCA Prison Realty Trust, and CCA (hereinafter, collectively "CCA") own and operate LECI.

3. Defendants, John Doe 1-5 are corrections officers, guards, physicians, nurses and other medical providers who, at all times material, were employees or agents of Defendants CCA and were responsible for providing safe working conditions and reasonable and necessary medical care to inmates, including Plaintiff, who were incarcerated at LECI.

4. Defendants CCA are responsible and liable under law for the errors and omissions of their employees, staff and agents, including Defendants Doe.

5. On or about September 19, 2014, Plaintiff was housed in the Superior Building, Side B which was a dormitory style building.

6. On said date, corrections officers and prison staff directed Plaintiff to climb an extension ladder that was leaned against a smooth wall and to clean the ceiling using a long hose attached to an air compressor. The staff failed to supervise or "spot" Mr. Shilling and in fact, left the room. The prison staff failed to take adequate safety precautions to insure that the ladder was secure or to provide proper safety equipment to Plaintiff.

7. The ladder slid down the wall through no fault of Plaintiff, and Plaintiff fell 12-15 feet onto his left side injuring his left elbow and wrist.

8. Although the swelling and pain was immediate, the prison staff instructed Plaintiff to go to lunch instead of taking him immediately to the iufirmary.

9. When he was taken to the infirmary, medical staff provided rudimentary medical care, i.e., sling and ice, but failed to provide emergent care.

10. Despite the fact that Plaintiff had ongoing pain and swelling and requested medical care through administrative process, the prison staff delayed unreasonably in providing appropriate care.

11. On November 17, 2014 (two months after the fall), Plaintiff was transported to the Ashtabula County Medical Center outside the facility for examination by an orthopedic specialist.

12. At that time, the doctor diagnosed the two-month old fractures.

13. Plaintiff was taken to the Ashtabula County Medical Center for a follow up just 5 days prior to his release from LECI. At that time, the examining doctor recommended that Plaintiff see a specialist since surgery would most likely be needed.

14. Plaintiff was discharged from the prison on or about 12/16/2014.

15. Plaintiff consulted with Dr. Adrian L. Butler, MD in Boardman, OH on or about March 19, 2015. Dr. Butler's Affidavit of Merit is attached and incorporated herein.

**FIRST COUNT (NEGLIGENCE)**

16. Plaintiff restates and incorporates the allegations contained in Paragraph 1-15 above.

17. Defendants, CCA, owed to Plaintiff a duty of reasonable care when they directed him to climb the ladder and clean.

18. Defendants, CCA, breached said duty of ordinary and reasonable care in various respects including, failure to provide a safe work site; failure to provide supervision or assistance while Plaintiff was on the ladder, failure to secure the ladder and failure to provide Plaintiff with appropriate safety equipment.

19. As a direct and proximate result of Defendants' negligence, the ladder slid down the wall causing Plaintiff to fall and break his left elbow and wrist.

20. Further, as a direct and proximate result of Defendants' negligence, Plaintiff sustained pain, suffering, economic damages, diminished earning capacity, residual and permanent impairment of his left arm.

21. As a direct result of Defendants' negligence, Plaintiff has sustained damages in excess of $25,000, plus interest, consequential damages, attorney fees and costs.

22. Defendants acted willfully or with reckless disregard to Plaintiff's safety thereby entitling him to punitive damages.

**SECOND COUNT (Medical Malpractice)**

23. Plaintiff restates and incorporates the allegations contained in Paragraph 1-22 above.

24. This is a "medical claim" as defined by ORC §2305.113 and all Defendants are persons/entities covered by ORC §2305.113(E) to the extent that said Defendants render advice, diagnosis, care, and treatment to individuals, or to the extent that said Defendants are "physicians", "nurses" or other medical professionals defined by statute.

25. Plaintiff caused a statutory notice to Defendants CCA and its attorneys, which was received prior to the expiration of the statute of limitations thereby extending said statute; by virtue of such, this action is timely.

26. Defendants CCA operate a private prison in Couneaut, OH.

27. Upon information, Defendants Doe are employees, agents, or independent contractors employed by CCA. The identities of Defendants Doe is unknown despite the exercise of due diligence by Plaintiff.

28. Defendants CCA are responsible for the errors and omissions of Defendants Doe, under law including the doctrines of principal/agent, master/servant and respondeat superior.

29. Defendants CCA and Doe operate, maintain and staff an infirmary or medical facility within

LECI. Said Defendants operate a facility that provides medical care to inmates and hires, trains, and supervises physicians and/or nurses who are responsible for providing medical care to inmates at LECI.

30. Defendants CCA and Doe owed to Plaintiff a duty to provide reasonable and necessary medical care, including but not limited to providing emergency medical treatment, when Plaintiff sustained injuries to his arm.

31. Defendants CCA and Doe (collectively), breached the duty of care owed to Plaintiff by failing to properly diagnose and treat the injuries sustained by Plaintiff; all as is set forth in the Affidavit of Merit of Dr. Adrian Butler which is attached hereto and incorporated herein as Exhibit A.

32. Further, as a direct and proximate result of Defendants' negligence, Plaintiff sustained pain, suffering, economic damages, diminished earning capacity, residual and permanent impairment of his left arm.

33. As a direct result of Defendants' negligence, Plaintiff has sustained damages in excess of $25,000, plus interest, consequential damages, attorney fees and costs.

34. Defendants acted willfully or with reckless disregard to Plaintiff's medical condition and injuries and unreasonably delayed in providing Plaintiff with proper emergency medical care thereby entitling him to punitive damages.

**THIRD COUNT (Negligence-Failure to Render Medical Care and Aid)**

35. Plaintiff restates and incorporates the allegations contained in Paragraph 1-34 above.

36. In the event that Plaintiff's claims are not statutory "medical claims" as pled in Count Two, supra, then Plaintiff states that Defendants, as jailers, owed to Plaintiff a common law duty of ordinary and reasonable care in rendering aid, assistance and emergency access to qualified medical care when Plaintiff sustained injuries to his arm.

37. At all times material, Plaintiff was under the care and custody of Defendants.

38. Upon information and belief, Defendants, CCA maintained a medical facility or infirmary inside LECI.

39. Upon information and belief, Defendants CCA were negligent in failing to maintain an infirmary that was properly staffed and that had proper medical equipment for the treatment and diagnosis of foreseeable injuries sustained by prisoners such as Plaintiff.

40. As custodians and jailers, Defendants had the sole power and responsibility to transport Plaintiff outside of the facility and to bring him to a hospital for emergency medical treatment.

41. Defendants breached its responsibilities as set forth herein.

42. Defendants willfully and/or recklessly failed and refused to transport Plaintiff to a hospital outside of the LECI despite Plaintiff's requests that his injuries be examined by a qualified medical provider.

43. Plaintiff followed all internal procedures for requesting medical care.

44. Defendants unreasonably delayed for approximately two months before transporting Plaintiff to an orthopedic specialist outside the facility.

45. By the time Plaintiff was seen by said orthopedic specialist, Plaintiff's broken bones had begun to heal thereby causing Plaintiff excessive and avoidable pain and suffering and potential permanent injury.

46. Further, as a direct and proximate result of Defendants' negligence, Plaintiff, in fact, sustained pain, suffering, economic damages, diminished earning capacity, residual and permanent impairment of his left arm.

47. As a direct result of Defendants' negligence, Plaintiff has sustained damages in excess of $25,000, plus interest, consequential damages, attorney fees and costs.

48. Defendants acted willfully or with reckless disregard to Plaintiff's medical condition and injuries and unreasonably delayed in providing Plaintiff with proper emergency medical care thereby entitling him to punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendants, CCA and Doe, jointly and severally as follows:

A. For compensatory damages for physical injury, medical expense, pain and suffering, future medical expense, lost income in an amount not less than Twenty-Five Thousand and 00/100 ($25,000);

B. For punitive or exemplary damages, attorney fees and costs in such amount as provided by law;

C. For such other and further relief to which Plaintiff is entitled either at law or in equity.

Respectfully Submitted:

Attorney John D. Falgiani, Jr. #0029751
P.O. Box 8533
Warren, OH 44484
(330) 565-1780
johnfalgiani@gmail.com
Attorney for Plaintiff

**JURY DEMAND**

Defendants demand a trial by jury on all issues so triable.

Attorney John D. Falgiani, Jr.

**REQUEST FOR SERVICE**

**TO THE CLERK:**

SERVE DEFENDANTS AT THE ADDRESSES SHOWN ABOVE BY **CERTIFIED MAIL RETURN RECEIPT REQUESTED** PURSUANT TO THE OHIO RULES OF CIVIL PROCEDURE AND MAKE SAME RETURNABLE ACCODING TO LAW:

Attorney John D. Falgiani, Jr.

**AFFIDAVIT OF MERIT ADRIAN L. BUTLER, M.D.**

**STATE OF OHIO** (
(SS:
**COUNTY OF MAHONING** (

Now comes Dr. Adrian L. Butler, MD who, being duly sworn, deposes and states:

1. I have personal knowledge of the facts herein and am competent to testify thereon.
2. I am a Board Certified Orthopedic Surgeon specializing in hand surgery and orthopedic surgery which includes the treatment of bone fractures such as the ones sustained by Justin Shilling..
3. I have reviewed the facts concerning Justin Shilling and his medical conditions which are a part of the claim against Community Corrections Corporation of America, (Lake Erie Correctional) and personally examined Justin Shilling as outlined herein. I have reviewed all medical records reasonably available concerning the allegations contained in the complaint and familiar with the applicable standard of care; My results and opinions are as follows:

Justin Shilling first presented to my office on February 2, 2015. At that time his chief complaints were inability to fully extend or flex his left elbow as well as pain in his left elbow and left wrist. He related that he had been injured on September 19, 2014. He reports he was on ladder while cleaning duct work and fell 12-15 feet landing on his left side. He was incarcerated at CCA at the time of his injury. Treatment was provided at the CCA with a sling and ICE. He relates no further treatment was provided until 2 months later.

On November 17th, 2014 he was seen by Dr John N Posch, MD at the Ashtabula County Medical Center. Notes from that visit were reviewed. Radiographs were obtained at that time which demonstrated a "healing nondisplaced fracture of the left radial head." Notes from that visit were further reviewed and assessed minimal discomfort. Elbow motion was not documented. Exam and evaluation of his wrist was not documented. He was advised to resume normal activities. Follow up was made as needed with Dr Posch.

On December 10th, 2014 he returned to see Dr John N Posch, MD at the Ashtabula County Medical Center. Notes from that visit were reviewed. No documentation of exam of elbow was provided. Note was made that radial head fracture was healing as per radiographs taken at that visit. No elbow ROM was assessed. It was then noted that X-rays from the month prior (November 17th, 2014) were concerning for possible scaphoid fracture on the left. The progress notes noted "he moves his wrist well and has minimal discomfort with this." He was advised to follow up with a hand surgeon after he is released from prison as he may need surgery. He was further advised to "increase use of his elbow and forearm as comfort permits."

On February 2nd, 2015 patient was first seen by me. He was approximately 4.5 months s/p injury. Chief complaints were loss of elbow motion and pain in his left elbow and hand with increased activities. Examination revealed active and passive elbow motion to be limited to 50-130 degrees. No pain was

elicited with palpation over radial head. His left wrist was painful to palpation over the scaphoid bone without any carpal instability. Wrist ROM was 60 degrees flexion and 50 degrees of extension. Radiographs taken on February 2nd, 2015 of the left elbow and left wrist were reviewed and demonstrated a healed radial head fracture and a left wrist scaphoid fracture with possible bony malunion. Patient was referred for a CT scan of his left wrist to assess definitive fracture union of scaphoid. Elbow stretching exercises were recommended to help improve elbow motion. CT scan was denied by his insurance carrier and an MRI was allowed. MRI obtained February 11th, 2015 was reviewed. This demonstrated increased edema of scaphoid waist with flexion deformity of scaphoid. These findings were reviewed with the patient. It was further recommended that a CT scan was the preferred study to evaluate malunion versus nonunion of scaphoid fracture. After consultation, patient did not wish to have any type of surgical intervention as he felt his symptoms were tolerable. He declined any further imaging and elected to be seen back on an as needed basis.

My diagnosis is malunion/nonunion of left scaphoid fracture, healed left radial head fracture, and left elbow contracture. The symptoms that I observed are consistent with the description of the injuries as related by Mr. Shilling.

In my opinion, with a reasonable degree of medical certainty, as a result of the fall suffered by Justin Shilling, he suffered the injuries outlined above. In my opinion, with a reasonable degree of medical certainty, the injuries sustained by Justin Shilling were directly and proximately caused by a fall from a ladder. Further, in my opinion, with a reasonable degree of medical certainty, the medical staff of CCA-Lake Erie Correctional should have treated Justin Shilling on an emergent basis which would have included the following treatment: ER evaluation of elbow and wrist. Expeditious x-ray of left elbow and wrist. Splint and/or cast treatment with referral to orthopedic surgeon.

In my opinion, with a reasonable degree of medical certainty, the failure to treat Justin Shilling's injuries on an emergent basis fell below the standard of care and directly and proximately: (a) diminished the chances of Justin Shilling's recovery; (b) prolonged his condition; (c) increased his pain and suffering; and (d) resulted in residual, permanent impairment. Further, in my opinion and with a reasonable degree of medical certainty, Justin Shilling's condition was made worse than it would have been as a result of CCA-Lake Erie Correctional's failure to use the proper degree of skill and care in initially treating his injuries

In my opinion, with a reasonable degree of medical certainty, Mr. Shilling will suffer some permanent limitation of mobility of the left elbow, and periodic swelling, pain, discomfort, and progressive arthritis in the left wrist.

4. Further Affiant Sayeth naught.

Dr. Adrian L. Butler, MD

**Notary Attestation**

Dr. Adrian L. Butler, MD, personally appeared before me, (being known to me or identified) and signed the foregoing Affidavit of Merit as his free act and deed on this 1st day of March, 2016.

Notary Public In and for Said County and State

My commission expires JOHN D. FALGIANI, JR., Attorney at Law Notary Public, State of Ohio My commission has no expiration date Sec. 147.03 R.C. <Seal>

EXHIBIT A

**JOHN D. FALGIANI, JR.**
**Attorney at Law**

**9/3/2015**

Attorney Timothy Bojanowski
Struck Wieneke & Love, P.L.C.
3100 West Ray Road
Suite 300
Chandler, Arizona 85226-2473

RE: Justin Shilling #633456- Lake Erie Correctional DOL: 9/19/2014
Via Regular and Certified Mail

Dear Attorney Bojanowski:

As your file should reflect, I represent Mr. Shilling who has a claim for injuries sustained while an inmate at Lake Erie Correctional. I have identified a potential medical claim for failure to render proper medical care.

Under Ohio law, the statute of limitations can be extended for 180 days. Specifically, and pursuant to Ohio Revised Code Section 2305.113 be advised:

> "(B)(1) If prior to the expiration of the one-year period specified in division (A) of this section, a claimant who allegedly possesses a medical, dental, optometric, or chiropractic claim **gives to the person who is the subject of that claim written notice that the claimant is considering bringing an action upon that claim, that action may be commenced against the person notified at any time within one hundred eighty days after the notice is so given.**"

A copy of this letter is being contemporaneously served upon your client, CCA via regular and certified mail.

Should you wish to discuss this matter, please contact me.

Sincerely,

COPY

John D. Falgiani, Jr.

Cc: CCA
ATTN: Legal
10 Burton Hills Boulevard
Nashville, TN 37215

P.O. Box 8533, Warren, OH 44484 (330) 565-1780
johnfalgiani@gmail.com

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

ATTORNEY TIM BOJANOWSKI
STRUCK WIENEKE & LOVE
3100 WEST RAY ROAD
SUITE 300
CHANDLER, AZ 85226-2473

9590 9403 0725 5196 9983 83

2. Article Number (Transfer from service label)
15 1520 0003 1885 1629

PS Form 3811, April 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature] ☐ Agent ☐ Addressee

B. Received by (Printed Name): ROSSENY
C. Date of Delivery: 9 9 15

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☒ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery (over $500)
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Return Receipt for Merchandise
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CCA
ATTN: LEGAL
10 BURTON HILLS BLVD
NASHVILLE TN
37215

9590 9403 0725 5196 9983 76

2. Article Number (Transfer from service label)
1520 0003 1885 1636

PS Form 3811, April 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature] ☐ Agent ☐ Addressee

B. Received by (Printed Name) [handwritten]
C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

GREEN HILLS STA NASHVILLE TN
SEP 08 2015
37215-9998

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☒ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery (over $500)
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Return Receipt for Merchandise
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

TAMI PENTEK
CLERK OF COURTS
25 WEST JEFFERSON STREET
JEFFERSON OH 44047

USPS CERTIFIED MAIL

9214 8901 3370 2500 0000 0447 10

**2016 CV 00161**

JOHN DOES 1-5
C/O LAKE ERIE CORRECTIONAL INST
501 THOMPSON RD
CONNEAUT, OH 44030

First Class Mail
ComBasPrice

