UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Justin Shilling, | ) | CASE NO. 1:16 CV 873 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| Corrections Corporation of America, *et al.*, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendants. | ) | |

**INTRODUCTION**

This matter is before the Court upon Plaintiff's Motion for Leave to Amend Complaint (Doc. 11).  This cases arises out of injuries sustained by plaintiff while incarcerated.  For the reasons that follow, the motion is GRANTED in PART and DENIED in PART.  Plaintiff may add the new party defendants with respect to count three only.  Any "medical claim" is barred by the statute of limitations.

**FACTS**

Plaintiff Justin Shilling filed this lawsuit against defendants, Corrections Corporation of

America, CCA Prison Realty Trust, CCA, (collectively "CCA") and five John Doe defendants. The complaint arises out of injuries plaintiff suffered after falling from a ladder while incarcerated.  Plaintiff alleges that after the fall, he received improper medical care.  The complaint contains three claims for relief.  Count one is a negligence claim and is based on CCA's failure to provide a safe working environment in connection with plaintiff's fall.  Count two is a claim for medical malpractice under O.R.C. § 2305.113 in which plaintiff claims that defendants failed to provide medical care for the treatment of the injuries he sustained to his elbow and wrist.  Count three alleges a claim for "negligence–failure to render medical care and aid."  This claim is asserted "in the event that plaintiff's claims are not statutory 'medical claims' as plead in count two...."

During discovery, CCA identified seven individuals that may have knowledge of plaintiff's claims.  Those individuals include L. Gillespie, Dr. Swanson, and C. Aiken, a certified nurse practitioner.  Because the pleading amendment deadline set by the Court has passed, plaintiff moves the Court to amend his complaint to assert counts two and three against these individual defendants.  Defendants oppose the amendment on the grounds of futility.  According to defendants, the statute of imitations has passed.

**ANALYSIS**

Consideration of a motion to amend filed after the deadline set in the Court's scheduling order entails a two step process under Rules 16(b)(4) and 15.  *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003). Under Rule 16(b), the "schedule shall not be modified except upon a showing of good cause and by leave of the district judge . . . ."  Only after the movant shows good cause may the Court consider whether to grant leave under Rule 15(a)'s directive that "leave

2

shall be freely given when justice so requires." *Cooke v. AT&T Corp.*, 2007 U.S. Dist. LEXIS 4325, *3 (S.D. Ohio Jan. 22, 2007); *Kaylor v. Raddle*, 2005 U.S. Dist. LEXIS 1523, *6, 9 (N.D. Ohio Feb. 3, 2005).

The primary factor under Rule 16(b)(4)'s "good cause" standard is the movant's diligence in meeting the deadlines set by the scheduling order. *Andretti v. Borla Performance Indus.*, 426 F.3d 824, 830 (6th Cir. 2005); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002). Diligence implies a lack of fault or carelessness on the part of the moving party. *Cooke*, 2007 U.S. Dist. LEXIS 4325, *6-7. "[T]he determination of the potential prejudice to the nonmovant also is required when a district court decides whether or not to amend a scheduling order." *Leary*, 349 F.3d at 909.

Once Rule 16(b)(4) is satisfied, the Court moves to Rule 15. Despite the "freely given" language of Rule 15(a), the Court is to measure a motion to amend against certain well-settled standards. Factors to consider include undue delay, bad faith or dilatory motive of the movant, prejudice, futility, and the repeated failure to cure deficiencies by previous amendments. *Checuti v. Conrail*, 291 F. Supp. 2d 664, 667 (N.D. Ohio 2003); *Gen. Elec. Co. v. Advance Stores Co.*, 285 F. Supp. 2d 1046, 1048 (N.D. Ohio 2003).

Here, defendants do not claim that plaintiff fails to satisfy Rule 16(b)(4)'s "good cause" requirement.  Accordingly, the Court will presume that this prong is satisfied.  The Court notes that this conclusion is further supported by the fact that plaintiff sought leave to amend only five days after receiving defendants' initial disclosures identifying these three individual defendants. Accordingly, the Court will proceed to analyze whether leave to amend should be granted under Rule 15.

Defendants argue that leave to amend should be denied because any amendment would be futile. Defendants claim that the statute of limitations for medical malpractice claims is one year. According to defendants, the latest plaintiff's claims arguably could have accrued is November 22, 2014, which is the day plaintiff was released from prison. In response, plaintiff argues that the claims he intends to assert against L. Gillespie are "not necessarily 'medical claims'" and "L. Gillespie is most likely not an enumerated 'medical provider' under the malpractice statute." Plaintiff also argues that the amended complaint "relates back" to the filing of the original complaint under Rule 15(C)(1). The Court will address each argument in turn.

With regard to plaintiff's first argument, the Court finds that count two of the proposed amended complaint is a "medical claim" and therefore subject to Ohio's one-year statute of limitations. In the complaint, plaintiff expressly alleges the following:

> 27. This is a medical claim.... and all Defendants are persons/entities covered by ORC § 2305.113(E)....
>
> 34. Defendants...breached the duty of care owed to Plaintiff by failing to properly diagnose and treat the injuries sustained by plaintiff....

In addition, the claim is entitled "medical malpractice." These express allegations demonstrate plaintiff's clear intent to assert a medical malpractice claim in count two. Because the claim sounds in medical malpractice, it is subject to Ohio's one-year statute of limitations. *See*, O.R.C. § 2305.113(A).

On the other hand, the Court cannot say at this time in the proceedings that count three asserts a "medical claim." There, plaintiff expressly alleges that the claim is plead *in the alternative* to the medical malpractice claim asserted in count two. Compl. ¶ 39 ("In the event that plaintiff's claims are not statutory "medical claims" as pled in count two, supra, then

plaintiff states that defendants, as jailers and/or medical professionals collectively owed to plaintiff a common law duty...."). The Court finds that, in construing the claims in the light most favorable to plaintiff, count three arguably asserts a claim other than a medical malpractice claim. Defendant makes no argument on this point and instead summarily argues that both claims are medical malpractice claims. As such, the one-year statute of limitations applicable to medical malpractice claims may not apply to count three. The Court therefore cannot say that an amendment would be futile.

Because the Court determined that count two asserts a claim that would otherwise be barred by the one-year statute of limitations, the Court now turns to whether an amendment to this claim would be futile.

Plaintiff, who bears the burden of demonstrating that Rule 15 applies, argues that count two is timely because it satisfies the "relation back" doctrine set forth in Fed.R.Civ.Pro. 15(c)(1)(B) and (C). Rule 15(c) provides in relevant part:

Relation back of amendments.

(1) When an amendment relates back. An amendment to a pleading relates back to the date of the original pleading when:

***

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out – in the original pleading; or

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

(i) received such notice of the action that it will not be prejudiced in

>> defending on the merits; and
>
>> (ii) knew or should have known that the action would have been against it, but for a mistake concerning the proper party's identity.

Rule 15(c)(1)(B) plainly does not apply to plaintiff's attempt to assert claims against new defendants, as the Sixth Circuit has repeatedly held that this provision does not apply to the addition of new parties. *See, e.g., Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, (6th Cir. 2010)("The precedent of this circuit clearly holds that an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations."). Accordingly, this provision does not save count two.

Plaintiff also argues that Rule 15 (c)(1)(C) applies. The Court disagrees. The Sixth Circuit has held that an amendment that "changes the party or the naming of the party against whom a claim is asserted," is limited to "corrections of misnomers or misdescriptions." *See DeBois v. Pickoff*, 2011 WL 1233665 (S. D. Ohio Mar. 28, 2011)("The Sixth Circuit's construction, reflected in *Asher* and similar cases, has consistently been that a Rule 15(c) "change" in parties requires a one-for-one substitution, and that the addition of new parties alongside those that are already part of the action precludes relation back to the original complaint.). Here, the Court finds that plaintiff cannot satisfy the Sixth Circuit's interpretation of Rule 15(c)(1)(C). Plaintiff's amendment does not seek a one-for-one substitution of parties. Nor does it seek to correct a misnomer in the identification of the parties. To the extent plaintiff is attempting to identify defendants initially named as "John Doe" defendants, the same result is mandated. As an initial matter, plaintiff continues to name five "John Doe" defendants and, therefore, plaintiff does not seek a substitution of parties, but rather the *addition* of three

defendants. Regardless, the Sixth Circuit has held that the identification of a John Doe defendant does not satisfy 15(c)(1)(C). *See, Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996). *See also, Smith v. Gallia Cty. Sheriff*, 2011 WL 2970931 (S. D. Ohio July 20, 2011). Because plaintiff fails to meet his b Plaintiff's Motion for Leave to Amend Complaint (Doc. 11) is GRANTED in PART and DENIED in PART. Plaintiff may add the new party defendants with respect to count three only. Any "medical claim" is barred by the statute of limitations.
strating that Rule 15 applies to save his otherwise time-barred claim, the Court denies plaintiff's motion for leave to amend count two to add new defendants.[1]

### **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Leave to Amend Complaint (Doc. 11) is GRANTED in PART and DENIED in PART. Plaintiff may add the new party defendants with respect to count three only. Any "medical claim" is barred by the statute of limitations.

IT IS SO ORDERED.

/s/Patricia A. Gaughan
PATRICIA A. GAUGHAN
Date: 7/22/16                  United States District Judge

---

[1] Defendant argues that the claim fails to meet O.R.C. § 2305.113's requirements. That provision extends the statute of limitations provided plaintiff informed the defendants of the potential for a claim within the applicable one-year limitations period. The proposed new party defendants argue that they received no such notice from plaintiff. In response, plaintiff simply claims in one sentence that defendants' argument is "hypertechnical" because plaintiff informed CCA of the lawsuit. Absent additional argument or authority from plaintiff, the Court rejects this argument.